United States District Court
Southern District of Texas
FILED

AUG 0 2 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, DIVISION

| | | |
|---|---|---|
| VICENTE CARDENAS RODRIGUEZ | § | |
| Plaintiff, | § | |
| | § | C.A. No. B-02-149 |
| V. | § | |
| | § | |
| RAUL GONZALEZ AND NOELIA | § | |
| GONZALEZ d//b/a Texas GS Snow Wiz | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Vicente Cardenas Rodriguez, hereinafter called Plaintiff, complaining of and about Raul Gonzalez and Noelia Gonzalez d/b/a Texas GS Snow Wiz, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### PARTIES

1.  Plaintiff, Vicente Cardenas Rodriguez, is an Individual whose address is 2899 Carolina St, Brownsville, TX 78521.

2.  Defendant Raul Gonzalez, d/b/a Texas G Snow Wiz, an individual, may be served by private process at his residence and principal place of business at Route 5, San Benito, Texas 78586.

3.  Defendant Noelia Gonzalez, d/b/a Texas G Snow Wiz, an individual, may be served by private process at his residence and principal place of business at Route 5, San Benito, Texas 78586.

### JURISDICTION

4.  This Court has original jurisdiction over this matter pursuant to 29 U.S.C.A. §206 (a)1 and 2, 29 U.S.C.A. §207 (a) 1 and 2, 29 U.S.C.A. §215 (a) 1,2 and 3 and 29 U.S.C.A. §260 and

supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

## VENUE

5.  Venue is proper in this District pursuant to the terms of 28 U.S.C. §1391(b).

## FACTS

6.  Plaintiff met Defendants in 1995. Plaintiff was employed by Defendants to run, manage, and operate firework and snow cone stands. Plaintiff was promised many times "to become the right hand man and to get a bigger share of the profits" by Mr. and Mrs. Gonzalez. During his employment, Defendants knowingly and purposefully paid Plaintiff an amount under the required Fair Labor Standards Act (hereinafter FLSA) minimum hourly wage of $5.15 per hour. In addition, Defendants knowingly and purposefully failed to pay Plaintiff for work in excess of the 40 hour work week "Overtime Pay", which under the FLSA is mandated to be time and a half or $7.72 per hour. Defendants would knowingly, willfully and purposefully pay most of their employee's in Cash in order to avoid employment taxes, federal withholdings and to circumvent State and Federal laws regarding the employment of illegal aliens.

7.  Plaintiff would regularly ask Defendants when he was going to get paid in full for the hours he worked and the overtime overdue, as well as when his increase in pay because of his voluminous activities would take effect; Defendants would simply reply "It's coming, keep on working hard and we will take care of you." Defendants, would also state to Plaintiff "Cash is better, that way you don't have to pay taxes on it"; Defendants also knowingly and willfully, engaged in prohibited acts of exploiting an uneducated group of individuals, especially Plaintiff by paying them in cash and under the minimum terms set by the law, and reaping the profits as a result of such exploitation in violation of Federal law.

8.  On January 22, 2001, Plaintiff was injured on the job while carrying heavy boxes at one of

the stands. Thereafter, Plaintiff reported the injury to Defendants at which time they told him "the pain would pass and for him to go back to work." As a result, Plaintiff suffered severe back pain, causing him to miss work for a period of several weeks. Plaintiff continued to complain to Defendants about continuous back pain, at which time Defendants gave Plaintiff "$100 Dollars and told him to see a doctor in Matamoros, Mexico." Plaintiff continued to have back pains, and as a result of not being able to obtain proper treatment, Plaintiff is now limited in his capacity and abilities to work.

## FAIR LABOR STANDARDS ACT VIOLATIONS

9. Plaintiff will allege and prove that during his employment at Texas GS Snow Whiz, Defendants knowingly and purposefully paid Plaintiff in cash and under the then prevailing minimum wage mandated by federal law under 29 U.S.C.A. § 206 (a) 1 and 2. During the years of 1999, 2000 and 2001, Defendants paid Plaintiff below the minimum wage, and never paid him mandatory "Overtime Pay: in violation of 29 U.S.C.A. § 207 (a) 1 and 2. Plaintiff during his last 2 years working for Defendant accumulated a significant amount of never paid overtime, since, most of his shifts included Saturdays and Sundays, 7 day workweeks averaging 11-13 hours a day. Plaintiff Moreover seeks relief under 29 U.S.C.A. §215 (a) 1, 2 and 3. in that Defendants knowingly violated 29 U.S.C.A. §206 and 207, knew of the violations, exploited their workforce and Plaintiff in knowing violation of the law and reaped the profits as a result of their underpayment of minimum wage, and lack of paying overtime.

10. Plaintiff will further prove that he is entitled to liquidated damages under 29 U.S.C.A. 260, as Defendants knowingly and willfully failed to obey the minimum wage and overtime pay requirements of the Fair Labor Standards Act.

## NEGLIGENCE

11.  Plaintiff will prove that Defendant had a duty to properly care for and maintain a safe working environment for Plaintiff while employed. Defendants breached their duty of care owed to Plaintiff by failing to maintain a safe environment and as a result of such failure of maintenance it proximately caused Plaintiff's injuries. Plaintiff has and is still suffering from continuous pain to his back and is in need of physical treatment as well as therapy. Plaintiff has been unable to perform his daily activities as a result of Defendants negligence.

## FRAUD

12.  Plaintiff hereby restates the factual allegations of Paragraph 6, 7 and 8 of this petition. Plaintiff hereby states and will prove that if Plaintiff, would have known the falsity of the representations made by Defendants, Plaintiff would have stopped working for Defendants. Each and every one of the representations Defendants made to Plaintiff regarding his better pay, his bonuses and his better management positions lead to Plaintiff's substantial injury, since Plaintiff's relied upon every representation during the course of the years employed by Defendant. Moreover, Plaintiffs will further allege that the Defendants purported to have and did have superior knowledge concerning the subject matter of their employment relationship and Plaintiffs justifiably relied upon Defendants' superior knowledge and representations. The Defendants knew that the representations described above were false at the time they were made. The representations were willful and malicious and constitute conduct for which the law allows actual and exemplary damages to be awarded against Defendants.

## DAMAGES

13.  Plaintiff seeks actual, consequential and liquidated damages in the sum of approximately $150,000.00, as a result of the violations of 29 U.S.C.A. §206, 207, 215 and 260. Plaintiff also seeks an award of at least $20,000 for his mental anguish.

14. Plaintiff also seeks an award of punitive damages for the conduct of Defendants, pursuant to §27.01, *et. seq.*, of the Texas Civil Practices & Remedies Code, against Defendants.

## JURY DEMAND

15. Plaintiff has timely demanded a jury trial.

16. **WHEREFORE**, Plaintiff requests that Defendants be cited to appear, that upon final hearing of this cause Plaintiff have judgment against Defendants jointly and severally for actual and compensatory damages, which sum exceeds the minimum jurisdictional limits of the Court, and for punitive damages in an amount which will get the attention of Defendants and deter this sort of conduct in the future, pre- and post-judgment interest as provided by law, costs of suit, and reasonable and necessary attorney's fees.

Respectfully submitted,

By: _____
Enrique G. Serna
Serna & Associates
Federal Bar No. 27366
Texas Bar No. 00178617
2000 Riverview Towers
111 Soledad Street
San Antonio, Texas 78205
Tel. (210)228-0095
Fax. (210)228-0839
Attorney for Plaintiff
Vicente Cardenas Rodriguez