//

United States District Court
Southern District of Texas
FILED

FEB 0 7 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICENTE CARDENAS RODRIGUEZ | § | |
| Plaintiff | § | |
| | § | |
| | § | C.A. NO. B-02-149 |
| vs. | § | |
| | § | |
| RAUL GONZALEZ AND NOELIA | § | |
| GONZALEZ d/b/a Texas GS Snow Wiz | § | |
| Defendants | § | |

**PLAINTIFF'S AND DEFENDANT'S
JOINT DISCOVERY/CASE MANAGEMENT PLAN**

VINCENTE CARDENAS RODRIGUEZ, Plaintiff, and RAUL GONZALEZ AND NOELIA GONZALEZ d/b/a Texas GS Snow Wiz, Defendants, file there Joint Discovery/Case Management Plan, as required by the Cost and Delay Reduction Plain in the Civil Justice Reform Act of 1990 adopted by the Court on October 24, 1991.

1. **State where and when the meeting of the parties required by Rule 269f) was held, and identifies the counsel who attended for each party.**

    The meeting was held via telephone by Carlos Hernandez and Enrique G. Serna on January 07, 2003.

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

    There are none pending.

3. **Briefly describe what this case is about.**

    Plaintiff sued Defendants for violations to the Federal Labor Standards Act 29 U.S.C.A. for nonpayment of hours worked, nonpayment of overtime worked for Fraud and for personal injuries against a non-workers compensation subscriber that occurred during working hours at their place of employment.

4. **Specify the allegations of federal jurisdiction.**

A federal question is presented by virtue of the Federal Labor Standards Act, 29 U.S.C.A.

5. **Name the parties who disagree and the reasons.**

   There is no disagreement that this Court has jurisdiction over the parties and the claims.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   There are none presently known.

7. **List anticipated interventions.**

   There are none presently known.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   The parties will serve initial disclosures within 10 days of the initial pre-trial conferences.

10. **Describe the proposed agreed discovery plan, including:**

    A. **Responses to all the matters raised in Rule 26(f)**

    |     |     |     |
    | --- | --- | --- |
    | (a) | **Rule 26(f) -** | See response to Number 9 |
    | (b) | **Rule 26(f)(2) -** | Plaintiff and Defendant will conduct discovery based upon claims made that defenses asserted in this lawsuit. The parties anticipate discovery will be completed within 180 days. |
    | (c) | **Rule 26(f)(3) -** | No changes needed at this time, subject to arrangements of the parties. |
    | (d) | **Rule 26(f)(4) -** | None known at this time. |

B. **When and to whom the plaintiff anticipates it may send interrogatories.**

The Plaintiff anticipates sending interrogatories within 45 days of the initial conference.

C. **When and to whom the defendants anticipate they may send interrogatories.**

The Defendant anticipates sending interrogatories within 45 days of the initial conference.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

The Plaintiff anticipates taking the depositions of the representatives for Defendant and the individual Defendants. These are anticipated to be taken within 120 days.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

The Defendant anticipates taking the deposition of the Plaintiff, of any fact witnesses, and Plaintiff's designated expert. It is anticipated that these will be taken within 90 to 120 days.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide reports.**

The Plaintiff will identify experts and provide their reports at least 60 days prior to the discovery deadline.

The Defendant will identify experts and provide their reports at least 30 days prior to the discovery deadline.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B). (expert report).**

The Plaintiff will take depositions of designated experts by the discovery deadline.

H. **List expert depositions the opposing party anticipates taking their anticipated completion date. See rule 26(a)(2)(B) (expert report).**

      The Defendant will take depositions of designated experts by the discovery deadline.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The parties are not in disagreement.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    Plaintiff and Defendants have exchanged documentation in an effort to amicably resolve this dispute.

13. **State the date the planned discovery can reasonably be completed.**

    On or about December 2003.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The Plaintiff and Defendant will continue to make good faith efforts to resolve this case amicably. The parties at a certain point in time will consider mediation.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    The Plaintiff and Defendant have attempted to resolve this dispute amicably, however the parties have not agreed on a set amount that would finalize the dispute.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

    Mediation will be considered.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties joint position on a trial before a magistrate judge.**

    Plaintiff and Defendants are agreeable to proceedings before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    A jury was timely demanded.

19. Specify the number of hours it will take to present the evidence in this case.

    The parties estimate a trial taking 2 to 3 days.

20. List the pending motions that could be ruled on at the initial pretrial and scheduling conference.

    There are none.

21. List other motions pending.

    There are none.

22. Indicate other matters peculiar to this case, including discovery, that deserves the special attention of the court at the conference.

    There are none.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing original and any amendments.

    Defendants have filed Disclosure of Interested Parties.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

    **Plaintiff is represented by:**

    Enrique G. Serna
    Serna & Associates
    Federal Bar.No. 27366
    State Bar No. 00178617
    2000 Riverview Towers
    111 Soledad Street
    an Antonio, Texas  78205
    Telephone:    (210) 228-0095
    Telefax:       (210) 228-0839

    **Defendants are represented by;**

    Mr. Carlos Hernandez
    Federal Bar No. 17022
    State Bar No. 00787681
    The Law Offices of Carlos E. Hernandez, Jr. P.C.

2025 Central Blvd. Suite B
Brownsville, Texas 78520
Telephone: (956) 542-1485
Telefax: (956) 542-0904

Respectfully Submitted,

*Enrique Serna* with permission
Enrique G. Serna
Serna & Associates
Federal Bar No.
State Bar No. 00178617
2000 Riverview Towers
111 Soledad Street
San Antonio, Texas 78205
Telephone: (210) 228-0095
Telefax: (210) 228-0839

ATTORNEY FOR PLAINTIFF

*Carlos Hernandez* with permission
Carlos Hernandez. Jr.
Federal Bar No. 17022
State Bar No. 00787681
The Law Offices of Carlos E. Hernandez, Jr. P.C.
2025 Central Blvd. Suite B
Brownsville, Texas 78520
Telephone: (956) 542-1485
Telefax: (956) 542-0904

ATTORNEY FOR DEFENDANTS